### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

PAULA JACKSON,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.

Case No. 07-CV-74-FHM

### **ORDER**

Plaintiff, Paula Jackson, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1] Plaintiff's February 10, 2004, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Edward M. Starr was held on October 13, 2004. By decision dated June 8, 2005, the ALJ entered the findings that are the subject of this appeal. The Appeals Council affirmed the findings of the ALJ on December 13, 2006. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff has a General Equivalency Diploma and formerly worked as meat and poultry inspector, property manager, and as a real estate associate.  She claims to have been unable to work since December 1, 2003, as a result of various complaints:  carpal tunnel syndrome; degenerative disc disease; pain in the neck, upper back, right shoulder, arms, hands and wrists; status post anterior cervical discectomy and fusion; right shoulder scapulothoracic impingement syndrome; and fatigue.  Plaintiff advises that she filed a new application for benefits and was found to be disabled beginning December 13, 2006.  [Dkt. 11-2].  Therefore the relevant time period for this appeal is December 1, 2003 to December 12, 2006.

The ALJ determined that Plaintiff has the ability to lift and/or carry 10 pounds frequently, to sit 6 hours in an 8-hour workday, and to stand and/or walk at least 2 hours in an 8-hour workday.  She can occasionally do pushing and pulling with the hand but cannot do overhead work or repetitive wrist movements.  With these limitations, the ALJ found Plaintiff has the residual functional capacity to do a significant range of sedentary work on a sustained basis. [R. 19].[2]  Although these limitations prevent Plaintiff from

---

[2] The Administrative Record [R. #] is found at docket no. 11.

performing her past relevant work, based on the testimony of a vocational expert, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations.  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence.  Specifically, Plaintiff argues that the ALJ: failed to properly consider the medical source opinions; failed to conduct a credibility analysis; failed to consider all her impairments in formulating the residual functional capacity (RFC); made erroneous findings at step 5.  The Court finds that the decision must be REVERSED and the case REMANDED because the ALJ failed to conduct any analysis of Plaintiff's credibility.

The only place in the decision where the ALJ even mentions credibility is in the "Findings" listed at the end of the decision.  There he says: "The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision." [R. 21].  The body of the decision contains no reference to Plaintiff's credibility although her testimony, if believed, establishes limitations that should have been included in the RFC findings.[3]  In particular, Plaintiff's testimony raises the question whether the RFC should have included a restriction on repetitive movements of more than just Plaintiff's wrists.

---

[3] Plaintiff testified that, despite surgery, she continued to have problems with her neck and shoulder. [R. 238, 240].  She testified to reduced grip strength and weekly headaches [R. 245].  On the Supplemental Interview Outline, Plaintiff stated it hurts her neck to look down to write and to look around in traffic when driving. [R. 84].  She also stated her pain and numbness increases with activity.  On the medication sheet Plaintiff stated she cannot take most prescription pain medications because it hurts her stomach and makes her sick.  [R. 114].

The Commissioner states, "[w]hile the ALJ did not elaborate on [the credibility] finding, the evidence supported the ALJ's decision." [Dkt. 12, p. 5]. The Commissioner proceeded to discuss the evidence and relate it to Plaintiff's testimony. [Dkt. 12, p. 6]. The government supplied some reasons that it believes would support the ALJ's finding. The ALJ did not provide these explanations, however. "[The] court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) see also, *Allen v. Barnhart*, 357 F.3d 1140, 1142, 1145 (10th Cir.2004) (holding that district court's post hoc effort to salvage the ALJ's decision would require the court to overstep its institutional role and usurp essential functions committed in the first instance to the administrative process); *Robinson v. Barnhart,* 366 F.3d 1078, 1084-85 (10th Cir.2004) (per curiam) (same); *SEC v. Chenery Corp.,* 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626 (1943).

It is well-established that it is not enough that the decision be supported by substantial evidence. The decision must also demonstrate that the ALJ adhered to the correct legal standards in reaching the decision. Where, as here, an ALJ does not identify and discuss the evidence upon which he relies, the Court cannot conduct a meaningful review of the ALJ's determination. *See, e.g., Clifton v. Chater,* 79 F.3d 1007, 1009 (10th Cir.1996)(holding "[i]n the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion," and thus the ALJ's unexplained conclusion was "beyond meaningful review"); *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir.1995) (holding ALJ's listing of factors he considered was inadequate when court was "left to speculate what specific evidence led the ALJ to [his conclusion]").

The remainder of Plaintiff's of allegations of error are so interrelated to the credibility issue that there is no point in discussing them The ALJ's failure to take into account the credibility of Plaintiff's claims affected the entire decision to such a degree that a complete re-analysis of every issue will be required on remand.

Based on the foregoing, the Commissioner's denial decision is REVERSED and the case is REMANDED for further proceedings.

SO ORDERED this 5th day of February, 2008.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE